Mr. Justice James
delivered the opinion of the Court:
This is an action to recover damages suffered in the diminished enjoyment of certain property of the plaintiff, described as lot 1 in square 630, in Washington, by means of the obstruction of I) Street in front of said lot, and the obstruction thereby of access to said property, caused by the defendant unlawfully placing on said street “freight cars in large numbers and suffering the same to remain there unreasonably long, at frequent times for twenty-four hours, and by using said street for the general purposes of a freight yard, and by blocking the way with wagons and carts for the loading and unloading of freight; thereby preventing the plaintiff as well as the public from passing and repassing on said street, and more particularly from using that portion of said street on which the plaintiff’s lot abuts, and thereby diminishing the value of said land.”
A verdict was rendered in the Circuit Court for the plaintiff, for $3,750, and judgment was rendered thereon. The defendant moved for a new trial, on the ground that the verdict was contrary to the evidence and the weight of evidence, and against law, and that the damages were excessive. This motion was overruled and an appeal was taken on exceptions and a case stated.
It appears that what is described in the declaration as lot 1 had been subdivided into lots, some of which fronted on E> Street and some on North Capitol Street, with an alley and courts giving access from D Street to the rear of all the lots. It is an uncontested fact that all of them were open or vacant lots. It appears further that the plaintiff held the property only for lease or sale, and did not propose to make use of it herself.
The principal question, therefore, at the trial, as now on appeal, related to the nature and the measure of damages. Evidence was admitted to prove that the plaintiff had put this property into the hands of real estate agents to sell or *3 to lease; that it would have sold at a certain price if the obstruction caused by the defendant had been removed, and would not bring more than a certain other price with the obstruction there; and on this point the Court instructed the jury as follows:
“ The jury are instructed that if they find that the property in question was rendered unsalable by reason of the alleged nuisance, then an allowable method for the jury to estimate the measure of damages is to ascertain what the plaintiff might have obtained for the property with the obstruction there, and what she might have obtained for it with the obstruction removed, and to allow her the legal rate of interest for three years, that is to say, 6 per cent, on the difference.”
When this cause was here on a former appeal we recognized the general proposition contained in this instruction. The doctrine which we intended to suggest was that if the jury should be satisfied by the evidence that the plaintiff was actually endeavoring, at a certain time, to sell this property, and that at that time there was a certain market price for it, this obstruction being removed, they would have a right to assume that the plaintiff not only could but would have sold it and obtained that market price. And if they should further be satisfied by the evidence that, with the obstruction remaining, the plaintiff could, at that time, have obtained only a certain lower price, they would have a right to find that she had been prevented by this nuisance from receiving and enjoying at that time the difference between these two prices; and that it would be allowable, in estimating the damages caused by the nuisance, to allow interest on this sum, of the enjoyment of which she has thus been deprived, at the rate of 6 per cent, per annum, for such time as they should find her to have been so deprived prior to the bringing of this suit, subject, of course, to the operation of the Statute of Limitations. The principle involved in this view was, that to the extent of the price which the *4 plaintiff might have obtained notwithstanding the nuisance (that is to say, to the extent of what she must be considered to have enjoyed after the nuisance had expended its effect) she could not be said to have been injured by that nuisance; while she must be considered to have been thereby deprived of the enjoyment of whatever she would have obtained in addition to that price, but for the intervention of the nuisance; and that it was allowable to measure the damages caused by wrongfully preventing the plaintiff from receiving certain moneys by the same rule which is applied in cases where moneys are wrongfully withheld by one who should pay them.
We still adhere to the opinion that this is an allowable method of ascertaining the damages in a case where an attempt to sell was defeated by a nuisance. But it is to be observed that an essential element of this method is that the juiy should find, not only that an attempt to sell was made and defeated, but the time when it was so defeated. Of course, they cannot otherwise determine the extent to which the plaintiff has been deprived of the enjoyment of the difference of prices. But it appears that this question was taken away from the jury when the Court instructed them that they might allow interest on the difference of prices for the whole period of three years.
Now, as the particular kind of injury on which this theory of damages is based was inflicted b3r the defendant only in case there was in fact an attempt to sell, and that attempt was defeated, so the injury operated only from the time of such attempt and defeat, and the damages would be measured by loss of interest from that time. But this instruction authorized the jury to allow interest on the unenjoyed difference of prices for the whole time that the nuisance existed, although it should not appear that the defeat of an actual attempt to sell covered the whole of that time. The theory of this instruction seems to be that if this nuisance was such as to render the property unsalable at its fair market *5 price, it may be treated as having prevented such sale, even if there was ho attempt nor any intention to sell; or that the actual damages may be based upon a conclusion that the nuisance would have defeated such sale if it had been attempted.
We think’it is clear, however, that damages can be recovered on the ground that a sale has been wrongfully defeated only when there has been an attempt to sell, and that the damage begins only at the time when the sale is actually defeated. We are of opinion, therefore, that there was error in this instruction.
And this leads us to consider next what seems to have been the actual effect of this instruction. This cause is before us on a case stated as well as upon exceptions; and it is manifest, on reference to the evidence, that the jury actually allowed interest for the whole of three years, while the case shows that the attempt to sell was made less than two years before this suit was brought. The result is that the damages are necessarily excessive, and for that reason alone we should feel obliged to grant a new trial.
As we have observed that damages arising from the defeat of a sale are what are called special damages, we have to add that properly the injury should be specially stated in the pleadings, and that proof of such special damages is not properly admissible under a declaration which gives notice only of those damages which are the natural and expected consequences of the wrong.
The defendant’s counsel excepted to the admission of evidence relating to market prices, but finally asked for an instruction to the effect that interest on the difference of prices, caused by the nuisance, was the strict measure of damages. By this prayer they would seem to have waived their previous exception. We have not for that reason considered those exceptions.

For the reasons already given judgment is reversed and the cause is remanded for new trial.